UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

October 27, 2021

LETTER TO COUNSEL:

    RE: *Mary L. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
           Civil No. TJS-20-2524

Dear Counsel:

    On September 1, 2020, Plaintiff Mary L. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Widow's Insurance Benefits. ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 17. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

    Mary L. filed her applications for disability benefits on September 27, 2017. Tr. 29. She alleged a disability onset date of June 1, 2016. *Id.* Her applications were denied initially and upon reconsideration. *Id.* Mary L. requested an administrative hearing and a hearing was held on December 2, 2019, before an Administrative Law Judge ("ALJ"). Tr. 49-67. In a written decision dated January 7, 2020, the ALJ found that Mary L. was not disabled under the Social Security Act. Tr. 29-42. The Appeals Council denied Mary L.'s request for review, making the ALJ's decision the final, reviewable decision of the agency.

    The ALJ evaluated Mary L.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520.[2] At step one, the ALJ found that Mary L. had not engaged in substantial gainful activity since the alleged onset date, June 1, 2016. Tr. 32. At step two, the ALJ found that Mary L. suffers from the following severe impairments: major depressive disorder, general anxiety disorder, insomnia, and panic disorder. *Id.* At step three, the ALJ found Mary L.'s impairments, separately and in combination, failed to meet or equal in severity any listed

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On September 30, 2021, it was reassigned to me.

[2] The ALJ found that Mary L. met the non-disability requirements for disabled widow's benefits. Tr. 31-32.

impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 32-35. The ALJ determined that Mary L. retains the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember and carry out simple instructions and make simple work related decisions. Can work at a consistent pace throughout the workday but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas. Can tolerate occasional interaction with coworkers and supervisor and no interaction with the public. Can tolerate occasional changes in work setting.

Tr. 35.

At step four, the ALJ determined that Mary L. is unable to perform past relevant work. Tr. 40. At step five, relying on testimony provided by a vocational expert, and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Mary L. can perform, including warehouse worker, industrial cleaner, and general helper. Tr. 41. Accordingly, the ALJ found that Mary L. was not disabled under the Social Security Act. Tr. 42.

Mary L. presents two arguments in this appeal: (1) the ALJ improperly rejected the opinions of her treating medical sources; and (2) the ALJ "failed to adjudicate" the opinion of another medical source, Dr. Langlieb. Neither of these arguments has merit.

Mary L.'s first argument is that the ALJ failed to give the medical opinions of her treating medical providers, Dr. Atkinson and Dr. Lacap, the weight they are due under the regulations. ECF No. 12-1 at 6-7. She argues that the opinions of Dr. Atkinson and Dr. Lacap are consistent with each other and are not contradicted by the opinion of any examining medical source. *Id.* at 6. She criticizes the ALJ's assessment of the medical sources, explaining that "[t]he opinions of non-examiners should not be utilized to overcome the opinions of long-standing treating examining physicians." *Id.*

For claims filed on or after March 27, 2017 (such as the Mary L.'s claim in this case), an ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," including those from a claimant's medical source. 20 C.F.R. § 404.1520c(a). Instead, the ALJ considers medical opinions and prior administrative medical findings using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with other evidence in the claim, and understanding of the disability program's policies and evidentiary requirements. *Id.* § 404.1520c(c). The first two factors, supportability and consistency, are the most important in determining the persuasiveness of a medical source's opinion. *Id.* § 404.1520c(a). The ALJ is not required to explain the consideration of the other three factors. *Id.* § 404.1520c(b)(2). And the ALJ need not articulate how he or she considered each opinion or finding. *Id.* § 404.1520c(b)(1).

Here, the ALJ complied with the governing regulations. The ALJ found the opinion of Dr.

Atkinson "not persuasive."[3] Tr. 39. The ALJ explained that Dr. Atkinson's opinion that the claimant had "marked-to-extreme limitation in sustained concentration and persistence, moderate-to-extreme limitation in social interaction, and extreme limitation in adaptation" was "inconsistent with the medical evidence of record, which supports no more than moderate mental limitations." *Id.* In support of this finding, the ALJ cited Mary L.'s statements over time, including statements made in her adult function report concerning her activities of daily living; treatment records; a psychiatric consultative examination; and the results of mental status testing over time. *Id.* Because Dr. Atkinson's opinion lacked supportability and was inconsistent with other persuasive evidence in the record, the ALJ properly rejected it.

The same goes for the ALJ's discussion of Dr. Lacap's opinion, which the ALJ also characterized as "not persuasive." *Id.* The ALJ noted that Dr. Lacap's opinion that Mary L.'s impairments caused "marked-to-extreme limitation in sustained concentration and persistence; marked-to-extreme limitation in social interaction; and marked-to-extreme limitation in adaptation" was not supported by the medical evidence in the record. *Id.* The ALJ thoroughly discussed Mary L.'s statements regarding her symptoms and the findings from mental status examinations over time. Tr. 39-40. The ALJ provided appropriate reasons for rejecting Dr. Lacap's restrictive opinion about Mary L.'s limitations.

Mary L. gives a number of reasons that the Court should question the ALJ's consideration of the opinions of Dr. Atkinson and Dr. Lacap, all of which amount to a request that the Court reweigh the evidence in the record. The Court cannot do so. Ultimately, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court rejects Mary L.'s argument that the ALJ improperly considered the opinions of Dr. Atkinson and Dr. Lacap.

Mary L.'s second argument is that the ALJ "failed to adjudicate the medical opinion of Dr. Langlieb." ECF No. 12-1 at 7-9. She argues that the ALJ "pretended that Dr. Langlieb has no medical opinion," even though Dr. Langlieb "indicated that [the claimant's] 'mood is below baseline most days," that she is "tearful often, her energy level is worse," and "she feels slowed down." *Id.* at 7. In support of her argument, Mary L. cites a report from a psychiatric consultative exam conducted by Dr. Langlieb. Tr. 618-22. The portion of the report she cites contains Dr. Langlieb's summary of Mary L.'s self-reported symptoms, not the opinion of Dr. Langlieb. Tr. 619. In the ALJ's decision, the ALJ cited to Dr. Langlieb's opinions to support her findings regarding the persuasiveness of other medical sources and the claimant's functional limitations. Tr. 33-34, 37-39. Mary L. essentially argues that the Court should set aside the ALJ's consideration of Dr. Langlieb's opinion and make a judgment about the persuasiveness of the opinion for itself. Of course, because the Court is not permitted to reweigh the evidence, this argument fails. The ALJ's consideration of the opinion of Dr. Langlieb complied with the governing regulations and the ALJ's findings in this regard are supported by substantial evidence. The Court rejects the claimant's argument to the contrary.

---

[3] The ALJ's decision refers to Dr. Atkinson as "A. Lavon, Psy. D." Tr. 39.

For the reasons set forth herein, Mary L.'s Motion for Summary Judgment (ECF No. 12) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 17) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge